COMMONWEALTH of Pennsylvania,
Appellee,

v.

Guy SILEO, Jr., Appellant.

Superior Court of Pennsylvania.

Argued Sept. 10, 2003.

Filed Oct. 27, 2003.

Reargument Denied Jan. 6, 2004.

---

Howard J. Nashman, Philadelphia, for appellant.

Mary M. Killinger, Asst. Dist. Atty., Norristown, for Com., appellee.

BEFORE: GRACI, OLSZEWSKI, and CAVANAUGH, JJ.

OPINION BY OLSZEWSKI, J.:

¶ 1 Appellant, Guy Sileo, Jr. appeals from the judgment of sentence entered on January 4, 2002. Appellant was found guilty of first-degree murder [1] and possession of an instrument of crime [2] in connection with the shooting death of his business partner, James Webb.

¶ 2 On appeal, appellant raises six issues for our review:

I. The trial court erred in denying Sileo's ineffective assistance of trial counsel claim.

II. The trial court erred when it allowed into evidence under the hearsay exception for excited utterance James Webb's statement, after an altercation with [appellant], that "Guy's got that gun, the unregistered one."

III. The trial court improperly allowed into evidence wholly speculative expert witness testimony concerning the likely height of the perpetrator.

IV. The trial court jury instructions concerning the effect of Sileo's perjury conviction were hopelessly in conflict and prejudicial, necessitating a new trial.

V. The trial court should have granted a new trial based on the prosecution's repeated improper expressions of personal belief during closing argument in the [appellant's] guilt and lack of credibility and veracity.

VI. The trial court violated the [appellant's] right to a public trial by conducting individual voir dire privately.

Appellant's Brief at i, ii.

¶ 3 We first address whether this Court may consider Appellant's claim of ineffec-

---

**1.** 18 Pa.C.S.A. § 2502

**2.** 18 Pa.C.S.A. § 907

tive assistance of counsel (IAC) raised by this direct appeal. Our Supreme Court recently announced the general rule that IAC shall be deferred until collateral review. *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726, 738 (2002) (overruling *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977) which required a party to raise an IAC claim at the first opportunity). *Grant* was grounded on the concern that an appellate court is at a disadvantage when considering an IAC claim. That disadvantage results from the fact that often there is no trial court opinion and often there is no record for review on the IAC issue. *Grant* is, however, a general rule, and general rules have exceptions. This Court found *Grant* inapplicable when the IAC issue had been raised and developed in the trial court through post-trial motions. *Commonwealth v. Hudson*, 820 A.2d 720 (Pa.Super.2003). The Supreme Court has also found *Grant* inapplicable under these circumstances. *Commonwealth v. Bomar*, 826 A.2d 831 (Pa.2003). The facts in *Bomar* are identical to the case sub judice. Bomar was found guilty of the crimes charged. Bomar obtained new counsel following the verdict. New counsel filed post-trial motions with the trial court raising the IAC. The trial court conducted a hearing on the IAC claim at which time the trial counsel for Bomar testified. Following the hearing, the trial court denied Bomar's post-trial motions. The trial court issued an opinion providing a detailed discussion of the IAC issue and the rationale for its holding. The Supreme Court held that these particular facts create an exception to *Grant* because the appellate courts would have the advantage of a fully-developed record addressing IAC and the benefit of the trial court's opinion.

¶ 4 In the case sub judice, Appellant obtained new counsel following the trial. The new counsel promptly filed post-trial motions raising IAC. At the post-trial hearing, Appellant's trial counsel testified. The trial court denied the post-trial motions and provided an opinion on the IAC claim. This Court shall, therefore, consider the IAC claim on this direct appeal because we have the benefit of a fully-developed record and opinion by the trial court.

¶ 5 Turning our attention to the issues in this case, we note that the trial court has adequately and correctly summarized the factual and procedural history of the case in its opinion. Moreover, after a thorough review of the briefs, record, and relevant authority, it is our determination that there is no merit to appellant's contentions.

¶ 6 In his able opinion, the distinguished Judge Paul W. Tressler comprehensively discusses each of appellant's claims and the applicable law in support of his rulings. Finding no error, we affirm on the basis of the well-reasoned opinion of Judge Tressler, and adopt same for purposes of allocatur.

¶ 7 Judgment of sentence AFFIRMED.